UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF CALIFORNIA DISTRICT COURTS

FILED
12 NOV 15 PM 4: 29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Toni Russell,
　　Plaintiff

-v-

NCO FINANCIAL SYSTEMS,
　　Defendant

Case No. '12 CV 2762 BTM DHB

## COMPLAINT

Toni Russell, hereby sues Defendant, NCO FINANCIAL SYSTEMS

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this District Court pursuant to 28 U.S.C. §1391b.

4. Plaintiff, Toni Russell is a natural person and is a resident of the State of California.

5. Defendant, NCO FINANCIAL SYSTEMS is a Pennsylvania Corporation, and is authorized to do business in California.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff found, after examination of her Experian consumer credit report, that Defendant NCO FINANCIAL SYSTEMS had obtained Plaintiff's Experian consumer credit report on July 7, 2010

9. Discovery of violation brought forth herein occurred in Oct, 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS.

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

17. In **July 7, 2012,** Defendant obtained the Plaintiff's Experian consumer credit report without permissible purpose and in violation of the FCRA, 15 U.S.C. § 1681b. Plaintiff had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

18. Plaintiff sent a notice to NCO FINANCIAL SYSTEMS of their violation of the FCRA on October 24, 2012 and on October ,31 2012. This was in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff was not able to settle this matter with defendant prior to litigation.

19. At no time did Plaintiff give her consent for NCO FINANCIAL SYSTEMS to acquire her consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has NCO FINANCIAL SYSTEMS ever provided any valid justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NCO FINANCIAL SYSTEMS for statutory damages of $1,000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all triable issues as a matter of law.

Dated: November 15, 2012

Respectfully submitted,

*Toni Russell*

Toni Russell
8906 Arlingdale Way
Spring Valley, CA  91977